IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAVID CRUZ-PAGAN
Petitioner

vs

UNITED STATES OF AMERICA
Respondent

CIVIL 06-2006CCC
Related to Cr. 01-0613CCC

## OPINION AND ORDER

Before the Court is Petitioner David Cruz-Pagán's 28 U.S.C. §2255 pro se habeas corpus petition and its supporting brief (docket entry 1), Respondent United States' Response (docket entry 7), and Petitioner's Reply to the Response (docket entry 8). For the reasons discussed below, the Court finds that the Petition must be DISMISSED.

**I. BACKGROUND**

On August 9, 2001, a federal Grand Jury returned a thirty (30) count Indictment against Petitioner Cruz-Pagán (hereinafter "Petitioner" or "Cruz-Pagán") as well as fifteen (15) other co-defendants.[1]  All defendants were charged with multiple drug trafficking and weapons offenses, such as violations to 21 U.S.C. §846 and 18 U.S.C. §924 (docket entry 2 in Cr. No. 01-0613(CCC)).  On August 14, 2001, a federal Grand Jury returned a Superseding Indictment against Petitioner as well as the fifteen (15) other co-defendants (Cr. docket entry 5).  A Second Superseding Indictment was returned by a federal Grand Jury on November 21, 2001 against Petitioner and fifteen (15) other co defendants (Cr. docket entry 152).  Petitioner was charged in Counts One, Six, Eight and Nine, the last one being a forfeiture count (Cr. docket entry 152).

Count One of the Second Superseding Indictment charged the Petitioner, along with other co-defendants, with conspiracy to distribute in excess of five (5) kilograms of cocaine

---

[1] Petitioner was defendant number twelve.

CIVIL 06-2006CCC                                             2

in violation of 21 U.S.C. §846.  Count Six charged Petitioner, along with other co-defendants, with aiding and abetting each other in an attempt to distribute more than five (5) kilograms of cocaine in violation of 21 U.S.C. § 846.  Count Eight charged Petitioner, along with all other co-defendants, with knowingly carrying firearms during and in relation to a drug trafficking offense in violation of 18 U.S.C. §924(c)(1)(A)(I).

      Petitioner and two other co-defendants went to trial, and on February 27, 2003 all three were found guilty of the charges as stated in Counts One, Six and Eight of the Second Superseding Indictment (Cr. docket entry 564).  On August 27, 2003, Petitioner was sentenced by the Court to terms of imprisonment of one hundred and fifty one (151) months as to Counts One and Six of the Second Superseding Indictment, to be served concurrently with each other, and to a mandatory consecutive term of sixty (60) months as to Count Eight, for a total imprisonment term of two hundred and eleven (211) months. (Cr. docket entry 674).  Petitioner was also sentenced to serve Supervised Release terms of five (5) years as to Counts One and Six and three (3) years as to Count Eight (8), said terms to be served concurrently with each other.  A Special Monetary Assessment of three hundred dollars ($300.00) was also imposed, as well as a forfeiture of four thousand dollars ($4,000.00) (Cr. docket entry 678).[2]  On August 29, 2008, Petitioner filed a Notice of Appeal (Cr. docket entry 680).  Petitioner's conviction was affirmed on appeal.  United States v. Sánchez-Berrios, 424 F.3d 65 (1st Cir.2005).  On September 18, 2006, Petitioner then filed his petition to vacate or set aside his sentence pursuant to 28 U.S.C. §2255, which we now address.

---

[2]The forfeiture corresponds to Count Nine of the Second Superseding Indictment.

CIVIL 06-2006CCC                              3

## II. DISCUSSION

In his Petition under 28, U.S.C. §2255, Petitioner raises two different ground as reasons for which his conviction should be vacated or set aside. Cruz-Pagán first claims that his conviction should be vacated due to violations of the Speedy Trial Act because of ineffective assistance of counsel. Petitioner's second argument is that he was convicted of counts for which he was not charged. Petitioner did not raise either of these two issues in his appeal.

### A. 28 U.S.C. §2255 standards and exhaustion requirements

Title 28 U.S.C. §2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1. the sentence was imposed in violation of the Constitution or laws of the United States,
2. the court was without jurisdiction to impose the sentence,
3. The sentence was in excess of the maximum authorized by law or,
4. The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a section 2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. United States v. Essig, 10 F.3d 968 (3d Cir 1993). If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice", United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice."

CIVIL 06-2006CCC                                            4

Murray v. Carrier, 477 U.S. 478, 496 (1986).  The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

    **B.**    **Claim of Ineffective Assistance of Counsel**

In the instance case Petitioner has raised his allegation of violations of Speedy Trial as part of an ineffective assistance of counsel claim.  Cruz-Pagán alleges that his counsel was ineffective because he did not request the dismissal of the indictment against him due to violations of the Speedy Trial Act.  By bringing his Speedy Trial claim as part of an ineffective assistance of counsel allegation Petitioner is circumventing the appeals process and allowing it, at least in his view, to be raised for the first time through a section 2255 motion.

To establish ineffective assistance of counsel, a defendant must show that:

    1.    His attorney's performance was deficient, and

    2.    The deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688.  Under Strickland counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'"  Strickland, 466 U.S. at 689.  To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

CIVIL 06-2006CCC                                        5

It is pellucidly clear that Petitioner was obligated to show both counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it. Strickland, 466 U.S. at 687.  See also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990).  Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented."  United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992).  The "range of reasonable professional assistance" is quite wide.  See Strickland, 466 U.S. at 689.  Therefore the Supreme Court has stated that, "judicial scrutiny of counsel's performance must be highly deferential."  See Strickland, 466 U.S. at 689.

Under Strickland, Petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance and the harm such actions caused.  Petitioner has failed to do so in this case.  The mere assertion of ineffective assistance of counsel with a claim of a violation of the Speedy Trial Act, without even attempting to show how in his criminal case the Act was in fact violated, is insufficient.

Although it is clear that Petitioner has come up short in configuring his claim of ineffective assistance of counsel, this Court has gone one step further in its review.  After examining the record of the multi-defendant criminal case, we are convinced that the time elapsed between Petitioner's arrest and his trial was not in violation of the Speedy Trial Act. A review of the docket sheet of the criminal case reveals numerous periods of time which are excludable under the Act.  From the date of the return of the Indictment, August 9, 2001, to the start of the trial on January 31, 2003, five hundred thirty nine (539) days lapsed.  When counting days for Speedy Trial purposes, the filing date of the motion and the date of the court's disposition are excludable.  United States v. Santiago Becerril, 130 F.3d 11 (1st Cir. 1997).  An excludable period of time applicable to one co-defendant is applicable to all.  See United States v. Bames, 159 F.3d 4 (1st Cir. 1998).  A review of the record reveals multiple periods of stopping of the speedy trial clock due to the myriad of motions filed, including

CIVIL 06-2006CCC                                              6

more than one instance in which Petitioner on the eve of trial requested that the trial date be set aside because of plea negotiations and subsequent change of pleas motions, which were later withdrawn. (See Cr. docket entries 432, 434, 462, 466 & 483). The record, thus, shows that there was no violation of the Speedy Trial Act and that Petitioner has clearly tried to bring through the "ineffective assistance of counsel" back door a meritless argument that, if anything, he should have raised on appeal instead. Counsel cannot be deemed ineffective for failing to raise a meritless claim. Werts v. Vaughn, 228 F.3d 178(3d Cir. 2000). As Petitioner has not met the Strickland standard of ineffective assistance of counsel for the previously stated reasons, his claim of ineffective assistance of counsel based on a Speedy Trial Act violation is hereby DENIED.

      **C.**      **Allegations of conviction or wrong counts**

Petitioner claims that he was convicted of Counts Four and Five for which he was never charged. Once again, a review of the record renders Cruz-Pagán's allegations meritless. Petitioner went to trial on the charges of the Second Superseding Indictment, which were Counts One, Six and Eight, as previously detailed in this Opinion. Prior to the jury charge the Court ordered the Second Superseding Indictment to be redacted to include only the offenses of the three (3) co defendants on trial. As such, once the Second Superseding Indictment was redacted and approved by all parties involved, the numerology of the original counts was altered. In the redacted version, Count Four was what was originally count Six and Count Five was what was originally Count Eight of the Second Superseding Indictment.[3] It is well settled law that the redaction of an indictment prior to the jury being charged is permissible. See United States v. Miller, 471 U.S. 130 (1984); United States v. Adkinson, 135 F.3d 1363 (11th Cir. 1998).

---

    [3] The Trial Transcript reflects that the redacted versions of the Second Superseding Indictment were reviewed and approved by defense counsel prior to the jury being charged. See Trial Transcript of February 26, 2003.

CIVIL 06-2006CCC				7

Having established that Petitioner was correctly convicted on the charges for which he was indicted, his allegation of improper conviction is hereby DENIED.

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner David Cruz-Pagán is not entitled to federal habeas relief on the claims presented. Accordingly, it is ORDERED that petitioner David Cruz-Pagán's request for habeas relief under 28 U.S.C. §2255 (docket entry 1) be and is hereby DENIED. Consequently, his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 is ORDERED DISMISSED. Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on March 25, 2009.

					S/CARMEN CONSUELO CEREZO
					 United States District Judge